Appeal of **ED C. LASATER** and **MARY**          Docket No. 906.
**M. LASATER.**

Under the provisions of the Revenue Act of 1918 a so-called bad debt is an allowable deduction from gross income only when ascertained to be worthless and charged off within the taxable period. The charging off of bad debts should, in the case of a taxpayer keeping regular books of account, be evidenced by such book entries as will effectually eliminate the amount of the bad debt from the book assets of the taxpayer. These entries should be made prior to the closing of the accounts for the taxable period.

Submitted February 17, 1925; decided April 6, 1925.

*H. A. Mihills, C. P. A.,* for the taxpayer.
*W. Frank Gibbs, Esq.,* for the Commissioner.

Before JAMES, STERNHAGEN, and TRUSSELL.

FINDINGS OF FACT

Ed C. Lasater and Mary M. Lasater are husband and wife, residing at Falfurrias, Tex. The tax liability is determined under the provisions of the Revenue Law of 1918 as applied in connection with the community property laws of the State of Texas. In December, 1918, Ed C. Lasater was and for some years prior to that time had been a member of a partnership known as the Lasater-Miller Company. This partnership was composed of Ed C. Lasater and Robert G. Miller. It was engaged in the business of selling lands and had its principal office in St. Louis, Mo., where Miller was in general charge of the business of the partnership, and where all the books and records of the business were kept. In December, 1918, the partnership of Lasater and Miller was dissolved, and Ed C. Lasater took over all the interests of Miller in said business, acquiring all the assets of the partnership business and assuming all the liabilities as the same existed at the time. Thereupon the books and accounts of the partnership and its principal office were transferred to Falfurrias, Tex., and Ed C. Lasater assumed the management and control of such business. During the time the partnership had been in business it had established the practice of employing selling agents in various cities and towns, and of making cash advances to such agents and charging such advances to the agents' accounts. Whenever an agent completed a sale the compensation for his service was paid in the form of a commission upon the amount of the sale. The amount of advances to such agent was first charged against the amount of the commission and the balance remitted to the agent. Advances were repeated from time to time as in the judgment of the management seemed advisable. At the time of the dissolution of the partnership, among the partnership accounts receivable were several accounts with such agents showing debit balances. At the

time Ed C. Lasater took over the business, and acquired its assets and assumed its liabilities, all of these accounts receivable were believed to be good and collectible. During the year 1919, Ed C. Lasater undertook to collect and settle the outstanding accounts receivable taken over by him as successor of the partnership. Failing to collect many of such accounts, and other bills receivable, during the year 1919, he, without charging any amount off on his books, claimed $42,860.74 as a deduction from gross income in his income-tax return for the calendar year 1919. Thereafter an examining revenue agent, authorized to inquire into the taxpayer's return for the year 1919, examined the books of account of the old firm of Lasater-Miller Company, and, from the total of bad debts claimed by the taxpayer in the sum of $42,860.74, the examining agent selected fourteen of the accounts representing agents' debit balances and five other small accounts, all aggregating the sum of $7,046.10, and recommended the disallowance of this portion of the total of bad debts deducted by the taxpayer. The Comissioner in computing the alleged deficiencies followed the recommendation of the examining agent.

In the year 1920 the taxpayers employed a firm of accountants to audit their books and also the books of the partnership of the Lasater-Miller Company. This audit was completed late in the year 1920 and the particular accounts here in controversy were then charged to profit and loss on the books of the former partnership as continued under the ownership of Ed C. Lasater. The journal entry appearing under the date of November 1, 1920, and each separate item, was transferred to the ledger accounts, and on the ledger entered as of the date of January 1, 1920.

### DECISION.

The Board finds that certain accounts receivable, aggregating $7,046.10, in controversy in this appeal, were not actually ascertained to be worthless and charged off within the calendar year 1919. The deficiencies in respect to each of the taxpayers herein should be recomputed in accordance with the foregoing finding. Final decision will be settled on consent or on twenty days' notice in accordance with Rule 50.